```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF INDIANA
                    HAMMOND DIVISION
```

```
SAMARON CORP. d/b/a TROYER,   )
PRODUCTS                      )
                              )
Plaintiff,                    )
                              )
vs.                           )   No. 3:12-CV-397
                              )
UNITED OF OMAHA LIFE          )
INSURANCE COMPANY,            )
                              )
Defendant.                    )
_____)
UNITED OF OMAHA LIFE          )
INSURANCE COMPANY,            )
                              )
Third-Party Plaintiff,        )
                              )
vs.                           )
                              )
DAVID A. BUCK,                )
                              )
Third-Party Defendant.        )
```

## OPINION AND ORDER

This matter is before the Court on United of Omaha Life Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint, filed by Defendant, United of Omaha Life Insurance Company ("United"), on December 14, 2012. For the reasons set forth below, United's motion to dismiss is **DENIED**.

BACKGROUND

In its First Amended Complaint, Plaintiff, Samaron Corp. d/b/a Troyer Products ("Troyer") brings claims against United for breach of contract and negligent misrepresentation.

1

Specifically, Troyer alleges that, on September 16, 2002, Ronald Clark ("Clark"), the former majority shareholder of Troyer, applied for a term life insurance policy ("the Policy") from United. (DE #30, p. 3). The application named David A. Buck ("Buck") as the owner and beneficiary of the Policy. (*Id.*). United issued Policy No. BU1096496 on February 12, 2003, with an expiration date of February 12, 2039. (*Id.*).

On February 17, 2003, Clark executed an amendment to the Policy that changed the named beneficiary from Buck to Troyer. (*Id.* at 3-4). After the amendment, Troyer paid the premiums as required by the Policy. (*Id.* at 4). In exchange for Troyer's payment of the premiums, United was required to pay a death benefit to Troyer in the amount of One Million Dollars ($1,000,000.00) if Clark were to die before the expiration of the Policy. (*Id.*).

Clark died in November 2011. *Id.* Following Clark's death, Dan Holtz ("Holtz"), the president and majority shareholder of Troyer, called United to verify the beneficiary under the Policy. (*Id.*). United told Holtz that Buck was the beneficiary. (*Id.*). On December 2, 2011, Kevin Breeling ("Breeling"), United's Senior Claims Specialist, sent Troyer a letter that stated Buck was the beneficiary of the Policy. (*Id.* at 4-5). Subsequently, Buck submitted a claim statement to United to claim the Policy's death benefit. (*Id.* at 5). Troyer

did not object to Buck's submission of the claim statement because it relied on the fact that United told Holtz that Buck was the beneficiary of the Policy. (*Id.*). Upon receipt of the claim statement, United paid the death benefit to Buck. (*Id.*).

In Count I of Troyer's First Amended Complaint, Troyer brings an action against United for breach of contract. (*Id.*). Specifically, Troyer alleges that United breached the terms of the Policy by erroneously paying the death benefit to Buck and not to Troyer. (*Id.* at 6). In Count II of Troyer's First Amended Complaint, Troyer brings an action against United for negligent misrepresentation. (*Id.*). Specifically, Troyer alleges that United owed a duty to Troyer to exercise ordinary care when it provided information to Troyer about the beneficiary of the Policy. (*Id.*). Troyer further alleges that United breached that duty by misrepresenting to Troyer that Buck was the beneficiary of the Policy and that it suffered damages by relying on United's misrepresentations. (*Id.*).

United filed the instant motion to dismiss and a supporting brief on December 14, 2012. In its brief in support of its motion to dismiss, United argues that both Troyer's breach of contract and negligent misrepresentation claims should be dismissed under Rule 12(b)(6) because neither claim is "plausible." (DE# 35, pp. 5-7). Troyer filed a response in opposition to United's motion on December 28, 2012. United

filed a reply to Troyer's response on January 11, 2013. Therefore, the matter is fully briefed and ripe for adjudication.

DISCUSSION

Standard of Review and Matters outside the Pleadings

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." When considering a motion to dismiss under Rule 12(b)(6),[1] a court must accept all the well-pled factual allegations in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the non-moving party. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss under Rule 12(b)(6), a claim must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555.

---

[1] It is noted that, although the instant motion is brought pursuant to Rule 12(b)(6), United filed its answer on the same day that the instant motion was filed. Accordingly, the motion should probably have been filed under Rule 12(c). The distinction, however, does not matter: the same standard applies to both provisions. *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

4

There seems to be some confusion among the parties to this case (and litigants in general) as to what constitutes a "plausible" claim for relief. (*See* DE #37, p. 2 ("United…[m]isconstrues Federal notice-pleading standards"); DE #41, p. 2 ("Troyer resorts to misstating the federal pleading standard")). Therefore, the Court will set forth its understanding of the "plausibility" standard before evaluating United's claims for dismissal.

In *Ashcroft v. Iqbal*, the Court provided a two part approach to be used in evaluating whether a claim is sufficiently pled under the "plausibility" standard. 556 U.S. 662, 679 (2009). First, a court should examine the complaint to distinguish between factual allegations and legal conclusions. *Id*. Unlike factual allegations, legal conclusions are not afforded an assumption of truth. Second, accepting any remaining factual allegations as true, the court should determine whether those factual allegations give rise to a "plausible" claim for relief. *Id*.

In regards to the notion of a "plausible" claim, the Seventh Circuit recently explained:

> This is a little unclear because plausibility, probability, and possibility overlap. Probability runs the gamut from a zero likelihood to a certainty. What is impossible has a zero likelihood of occurring and what is plausible has a moderately high likelihood of occurring. But one sees more or less what the Court was driving at: the fact that the allegations

5

> undergirding a plaintiff's claim could be true is no longer enough to save it…[T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote.

*Atkins v. City of Chicago*, 631 F.3d 823, 831-832 (7th Cir. 2011). The Court concluded that "[a]fter *Twombly* and *Iqbal* a plaintiff to survive dismissal 'must plead some facts that suggest a right to relief that is beyond the speculative level.'" *Id*. *See Iqbal* 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). With these principles in mind, the Court will now evaluate United's arguments for dismissal of Troyer's claims.

It should be noted from the outset that the Court will not consider any matters outside of the pleadings in ruling on the instant motion. When considering a motion to dismiss under Rule 12(b)(6), a court must rely solely on the pleadings. Fed. R. Civ. P. 12(d). *See Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002) (explaining that the court may also consider items attached to a plaintiff's complaint). However, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary

6

judgment under Rule 56." Fed. R. Civ. P. 12(d). Here, the instant motion will not be treated as a motion for summary judgment, and matters outside the pleadings will not be considered.

Troyer has stated a Plausible Claim for Relief for Negligent Misrepresentation

Indiana has adopted the definition of "negligent misrepresentation" contained in the Restatement (Second) of Torts § 552(1), which provides that:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010).

In Count II of its First Amended Complaint, Troyer makes the following allegations in support of its negligent misrepresentation claim:

> 34. United has superior knowledge about its insurance policies, including the Policy.
>
> 35. United is in the business of answering questions and supplying information about the insurance policies that United issues to its customers.
>
> 36. United intentionally provided information to Troyer Products about the beneficiary of the Policy in response to a specific request by Troyer Products.

7

37. United owed a duty to Troyer Products to exercise ordinary care when it provided information and made representation to Troyer Products about the Beneficiary of the Policy.

38. United breached that duty by misrepresenting to Troyer Products, both verbally and in writing, that Dave Buck was the beneficiary of the Policy.

39. Troyer Products reasonably and justifiably relied on United's misrepresentations. As a result, Troyer Products did not object to Dave Buck executing the claim form for the Policy's death benefit.

40. United's negligent misrepresentations have proximately caused Troyer Products to suffer damages.

(DE #30, p. 6).

United attacks these allegations with two arguments in support of dismissal of Troyer's negligent misrepresentation claim.[2] First, United argues that Troyer's negligent misrepresentation claim fails to state a "plausible" claim for relief. (DE #35, p. 5). Specifically, United argues that "Troyer's Amended Complaint depends upon the fundamentally implausible belief that a corporation can forget something."

---

[2] The Court has some uncertainty as to whether negligent misrepresentation is a viable cause of action under the facts of the present case. Under Indiana law, negligent misrepresentation is a limited cause of action that is only available in certain circumstances. *See Mart v. Forest River, Inc.*, 854 F. Supp. 2d 577, 595, n. 18 (N.D. Ind. 2012); *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010); *Westfield Ins. Co. v. Yaste, Zent & Rye Agency*, 806 N.E.2d 25, 30, n. 4 (Ind. Ct. App. 2004) (*citing Darst v. Illinois Farmers Ins. Co.*, 716 N.E.2d 579, 584 (Ind. Ct. App. 1999)); *Jim Barna Log Sys. Midwest, Inc. v. General Cas. Ins. Co. of Wisconsin*, 791 N.E.2d 816, 830 (Ind. Ct. App. 2003). Nonetheless, United does not raise this argument, and this Court will not make the parties arguments for them. *Vaughn v. King*, 167 F.3d 347, 354 (7th Cir. 1999)("It is not the responsibility of this court to make arguments for the parties.").

8

(DE #35, p. 6). In other words, United argues that because Buck, an officer and director of Troyer, amended the Policy to change the beneficiary to Troyer, Buck knew that Troyer was the beneficiary, and consequently, Troyer must have known that Troyer was the beneficiary by virtue of Buck's status as an officer and director of Troyer.[3]

Even if the Court were to accept the proposition that Troyer knew as a matter of law that it was the beneficiary of the Policy, this alone would not warrant dismissal of Troyer's negligent misrepresentation claim. In light of the definition of "negligent misrepresentation" quoted above, the issue is not whether Troyer knew it was the beneficiary, rather, the issue is whether Troyer was justified in relying on the incorrect information provided by United despite that knowledge. Therefore, even if the Court were to find that a corporation cannot "forget something" and that Troyer knew it was the beneficiary, this would not lead to the conclusion that Troyer's negligent misrepresentation claim is not plausible.[4]

---

[3] The Court notes that in making this argument, United has confused the definitions of "possible" and "plausible." As explained by the Seventh Circuit in *Atkins* "[w]hat is *impossible* has a zero likelihood of occurring and what is *plausible* has a moderately high likelihood of occurring." *Atkins*, 631 F.3d at 831. Thus, what United is really arguing is that Troyer's negligent misrepresentation claim is not *plausible* because it is not *possible* that Troyer did not know it was the beneficiary of the Policy.

[4] To be clear, the Court is not saying that it accepts United's proposition that the present case "depends upon the fundamentally implausible belief that a corporation can forget something." (DE #35, p. 6). United cites no authority to support this specific proposition. Moreover, although it is

Turning to United's second argument for dismissal of Troyer's negligent misrepresentation claim, United argues that Troyer did not rely on incorrect information from United when it allowed Buck to complete the claim statement. (DE #35, pp. 7-8). This argument is simply not appropriate in the context of a motion to dismiss under Rule 12(b)(6).

When considering a motion to dismiss under Rule 12(b)(6), a court is required to accept all of the well-pled factual allegations contained in the complaint as true. *Killingsworth*, 507 F.3d at 618. Moreover, in regards to "justifiable" reliance, Indiana courts have provided the following guidance:

> Whether reliance was justified is, on conflicting evidence, a matter for the jury to determine. But where the evidence is so clear as to be susceptible of only one reasonable inference, it is for the court to determine as a matter of law whether plaintiff was justified in relying on the representation. We have accordingly found reliance not justified as a matter of law when, for example, a plaintiff relied on oral representations by agents of defendant savings and loan that were inconsistent with a written deposit agreement and when the plaintiffs knew as much about the facts of the underlying transaction as did the person making the misrepresentation.

*Jeffrey v. Methodist Hospitals*, 956 N.E.2d 151, 157 (Ind. Ct. App. 2011) (internal citations and quotations omitted).

In the present case, Troyer has alleged that it "reasonably and justifiably relied on United's misrepresentations." (DE

---

true that a corporation is generally held to know what its officers know, that is not the same thing as saying a corporation cannot "forget something."

#30, p. 6). As explained in *Jeffrey*, under Indiana law, when the evidence is in dispute, whether reliance is "justified" and the underlying question of whether reliance did, in fact, occur are questions of fact. Therefore the Court is required to accept this factual allegation as true. As such, the Court finds Troyer's negligent misrepresentation claim states a plausible claim for relief.

Troyer has stated a Plausible Claim for Relief for Breach of Contract

In support of its motion to dismiss Troyer's breach of contract claim, United argues that Troyer instructed it to pay the Policy's death benefit to Buck, and therefore, it is not possible that United breached the terms of the Policy. (DE #35, p. 9). Specifically, United alleges that Holtz, an officer of Troyer, did not object when Buck completed the claim statement and sent it to United to claim the death benefit. *Id*. at 8-9. As such, when Holtz did not object, and when Buck completed the claim statement, these actions were actually the actions of Troyer. *Id*. at 9. Consequently, according to United, "United did not breach any contract with Troyer because it did exactly what Troyer told it to do." *Id*. The Court rejects United's argument and finds that Troyer has stated a plausible claim for relief for breach of contract.

Insurance contracts are subject to the general rules of contract construction. *Westfield Companies v. Knapp*, 804 N.E.2d 1270, 1274 (Ind. Ct. App. 2004). Under Indiana law, "[a] party breaches a contract either by placing itself in a position where it is unable to perform its contractual obligations, or by failing to perform all of its contractual obligations." *Strodtman v. Integrity Builders, Inc.*, 668 N.E.2d 279, 282 (Ind. Ct. App. 1996).

Moreover, Indiana courts recognize the judicially created doctrine of "estoppel." *Brown v. Branch*, 758 N.E.2d 48, 51-52 (Ind. 2001). The Indiana Supreme Court has provided the following explanation of the estoppel doctrine:

> Estoppel is a judicial doctrine sounding in equity. Although variously defined, it is a concept by which one's own acts or conduct prevents the claiming of a right to the detriment of another party who was entitled to and did rely on the conduct. There are a variety of estoppel doctrines including: estoppel by record, estoppel by deed, collateral estoppel, equitable estoppel-also referred to as estoppel *in pais,* promissory estoppel, and judicial estoppel. All, however, are based on the same underlying principle: one who by deed or conduct has induced another to act in a particular manner will not be permitted to adopt an inconsistent position, attitude, or course of conduct that causes injury to such other.

*Id*. (internal citations omitted). *See also Reeve v. Georgia-Pac. Corp.*, 510 N.E.2d 1378, 1383 (Ind. Ct. App. 1987) (holding that negligence can be the basis of estoppel); *Am. Standard Ins. Co. of Wisconsin v. Rogers*, 788 N.E.2d 873, 879 (Ind. Ct. App.

2003) (holding that estoppel may prevent a party from defending against an action).

Applying these principles to the present case indicates that dismissal of Troyer's breach of contract claim for failure to state a claim for relief is not appropriate. For purposes of the instant motion, this Court must accept the allegations in Troyer's amended complaint as true. Troyer asserts that it relied on United's misrepresentations regarding the beneficiary of the Policy, and it allowed Buck to complete the claim statement because of the misrepresentations. (DE # 30, p. 5). Accordingly, under the principles of estoppel, United cannot now defend against Troyer's breach of contract claim by arguing that it was merely acting according to Troyer's instructions. This would allow United to benefit from its own negligence. Such an argument would defy well-settled principles of equity. Therefore, the Court rejects United's arguments for dismissal of Troyer's breach of contract claim.

CONCLUSION

For the foregoing reasons, United of Omaha Life Insurance Company's Motion to Dismiss Plaintiff's First Amended Complaint is **DENIED**.

DATED: April 5, 2013        /s/RUDY LOZANO, Judge
                            United State District Court